ON Petition to Re-heaR.
Nelson, J.,
delivered the opinion of the Court.
Por the third time, during the present term, this. large record is before us, on a respectful and ingenious petition for re-hearing; which, although drawn with much skill and ability, really presents nothing new. We have- re-examined it the third time, and are satisfied that it was correctly decided, and therefore refuse to grant the petition.
*152 During tbe present term, we Lave disposed of more tban seven hundred causes; and, of that number, petitions for re-hearing have been filed in a very few cases, not one of which has been granted. "We may remark, not in reference to this special cause, but upon the entire subject of petitions for re-hearing, that, while we do not claim infallibility, the cases in which such petitions are granted, must, from our mode of proceeding, be exceedingly rare. We have met twice a week, and sometimes oftener, during the term, in council. Not an opinion, oral or written, has been delivered in Court, except in a few instances where cases were disposed of immediately when presented, which was not fully canvassed and discussed in consultation, and agreed upon before it was announced;
As evei’y member of this Court came directly from the bar to the bench, we have not so far forgotten our feelings as lawyers, as not to symj>athize, fully, with the zeal and earnestness of counsel, and to remember that a true lawyer will use every honorable exertion, and spare no labor or pains, in behalf of his client. But while this is so, we would respectfully suggest to the members of the bar, that after a cause has been once considered, and an opinion pronounced, it is to be regarded as the deliberate judgment of the entire Court, and we should not be called upon to re-consider it, unless counsel can clearly show some oversight or omission, or bring to the notice of the Court some new matter, really important, which was not before considered. *153 It bas been well observed that, except in suits upon commercial paper and in plain matters of account, it is impossible, in any case, to attain exact mathematical certainty in the final disposition of - causes; and the most that can he done, in the exercise of legal judgment, is to reach the nearest approximation to justice. It is scarcely possible, in any case, to give absolute and entire satisfaction ’ to the parties litigant, or their counsel, and we should not be called upon to undergo the, generally, useless labor of re-hearing a cause, except, for the reason indicated.
. It was, and we presume still is, the practice in the Supreme Court of the United States, not to entertain petitions for re-hearing. We concur in, and fully adopt, the sentiment expressed by Mr. Justice .Story: “If re-hearings are to be had, until the counsel on both sides are entirely satisfied, we fear that suits would become immortal, and the decision be postponed indefinitely:” See Story’s Eq. Pl., § 421, note 1, pp. 469, 470, 4th Ed.
It is not intended by these remarks to cast any general, or special, censure upon counsel, but simply to indicate the deliberate view of the Court as' to petitions for re-hearing, and the reasons for it.